UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

SODHI SINGH,
Petitioner,
v.
CHRISTOPHER J. LAROSE, et al.,
Respondents.

Case No.: 3:26-cv-03797-CAB-BJW

**ORDER:**

**(1) DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS, [Doc. No. 1]; and**

**(2) DENYING MOTION FOR TRO AND PETITIONER'S EX PARTE MOTION AS MOOT, [Doc. Nos. 2, 5].**

On June 30, 2026, Petitioner Sodhi Singh, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus, [Doc. No. 1 ("Petition")], and a motion for a temporary restraining order, [Doc. No. 2 ("TRO")]. This is Petitioner's third petition for a writ of habeas corpus since his detention on December 13, 2024. [*See Singh v. Larose et al.*, Case No. 3:26-cv-00913-CAB-BJW (S.D. Cal. Feb. 12, 2026) ("*Singh I*").]

Petitioner entered the United States on December 13, 2024 without inspection and was subsequently apprehended. [*Singh I*, Doc. No. 1 at 6.] He was determined to be an

inadmissible arriving alien and was placed into removal proceedings. [*Singh I*, Doc. No. 4 at 1.] On October 24, 2025, an immigration judge ("IJ") ordered Petitioner removed to India; Petitioner appealed that decision to the BIA. [*See id.* at 2.]

Petitioner then filed his first habeas petition. [*Singh I*, Doc. No. 1.] After reviewing the Petition, the Court ordered Respondents to provide Petitioner with an individualized bond hearing. [*Singh I*, Doc. No. 5.] He received a bond hearing on March 11, 2026 at which the IJ denied bond. [*Singh I*, Doc. No. 6 at 1.] On June 12, 2026, Petitioner filed an amended petition seeking immediate release. [*Singh I*, Doc. No. 7.] The Court denied Petitioner's amended petition because he had not exhausted his administrative remedies with respect to the IJ's denial of bond. [*Singh I*, Doc. No. 9 at 2.]

In the current Petition, Petitioner argues that because the IJ failed to apply the clear and convincing evidence standard at his bond hearing, this Court should release Petitioner or grant him another bond hearing. [Petition at 8.] As the Court explained in its Order in *Singh I*, the Ninth Circuit has held that pursuing habeas review of an IJ's denial of bond before appealing to the BIA is "improper" and Petitioner should "exhaust[ ] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Petitioner must appeal the IJ's denial of bond to the BIA, not to this Court.

Based on the foregoing, the Court **DISMISSES** the Petition. [Doc. No. 1.] With the Petition dismissed, the motion for a TRO and ex parte motion (both of which seek relief contingent on the Petition) are **DENIED AS MOOT**. [Doc. Nos. 2, 5.]

The Clerk of the Court shall close the case.

It is **SO ORDERED**.

Dated: August 10, 2026



Hon. Cathy Ann Bencivengo
United States District Judge