UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SODHI SINGH,

Petitioner,

v.

CHRISTOPHER J. LAROSE, et al.,

Respondents.

Case No.: 3:26-cv-03797-CAB-BJW

**ORDER DENYING MOTION FOR RECONSIDERATION**

**[Doc. No. 8]**

On June 30, 2026, Petitioner Sodhi Singh, an immigration detainee proceeding pro se, filed a petition for a writ of habeas corpus. [Doc. No. 1 ("Petition").] This was Petitioner's third petition for a writ of habeas corpus since his detention on December 13, 2024. [*See Singh v. Larose et al.*, Case No. 3:26-cv-00913-CAB-BJW (S.D. Cal. Feb. 12, 2026) ("*Singh I*").] On August 10, 2026, the Court denied the Petition and closed this case, instructing Petitioner to first exhaust his administrative remedies before seeking relief in this Court. [Doc. No. 6 at 2.] Petitioner argues that because he complied with the Court's instruction in *Singh I* to pursue an appeal before the Board of Immigration Appeals ("BIA"), the Court improperly dismissed the Petition in this case. [Doc. No. 8 at 1.] Petitioner does not state that he has received a decision from the BIA yet.

Exhausting administrative remedies means that Petitioner must appeal to the BIA *and receive a decision* from the BIA. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) ("*Once the BIA rendered its decision*, [the petitioner] could have properly pursued habeas relief in the district court[.]" (emphasis added)). Although Petitioner has filed an appeal with the BIA, he has not yet received a decision from the BIA and therefore exhausted administrative remedies.

The Court therefore **DENIES** Petitioner's motion for reconsideration. [Doc. No. 8.]

No further filings shall be accepted in this closed case.

It is **SO ORDERED**.

Dated: August 25, 2026

Hon. Cathy Ann Bencivengo
United States District Judge